UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE:

| | |
|---|---|
| JANICE GALLOWAY, | CASE NO. 05-13504-NPO |
| DEBTOR. | CHAPTER 13 |
| JANICE GALLOWAY | PLAINTIFF |
| V. | ADV. PROC. NO. 09-01124-NPO |
| EMC MORTGAGE CORPORATION | DEFENDANT |

MEMORANDUM OPINION DENYING
MOTION TO DISMISS ADVERSARY PROCEEDING

This matter came on for hearing (the "Hearing") on the Motion to Dismiss (the "Motion")(Adv. Dkt. No. 9) and the Memorandum of Law in Support of the Motion to Dismiss Adversary Complaint (the "Brief")(Adv. Dkt. No. 10), both filed by Mark H. Tyson on behalf of the Defendant, EMC Mortgage Corporation ("EMC"), and the Plaintiff's Opposition to Motion to Dismiss (the "Response")(Adv. Dkt. No. 15), filed by W. Lawrence Deas on behalf of Janice Galloway (the "Debtor") in this adversary proceeding (the "Adversary"). Having considered the pleadings and arguments of counsel, and being fully advised in the premises, the Court finds that the Motion is not well-taken and should be denied as set forth herein. Specifically, the Court finds as follows:[1]

---

[1] The following constitutes the findings of fact and conclusions of law of the Court pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Jurisdiction

This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Notice of the Hearing was proper under the circumstances.

## Factual Allegations

According to the Adversary Complaint (the "Complaint")(Adv. Dkt. No. 1), the Debtor makes the following factual allegations:[2]

1. The Chapter 13 case of the Debtor was commenced by the filing of a voluntary petition (the "Petition")(Dkt. No. 1) on May 16, 2005, in Case No. 05-13504 (the "Main Case").

2. The Chapter 13 Plan of the Debtor (the "Plan") was subsequently confirmed by order of this Court on October 31, 2005 (the "Confirmation Order")(Dkt. No 43).

3. The Plan as confirmed included a debt to Wells Fargo N.A. ("Wells Fargo"), which was scheduled as a claim secured by a deed of trust on the residential real estate of the Debtor at 1708 Garrard Avenue, Indianola, Mississippi.

4. The Plan provided for the cure of pre-petition arrears to Wells Fargo with ongoing monthly payments on the Debtor's mortgage to be made through the Plan by the chapter 13 trustee (the "Trustee").

5. Wells Fargo received notice of the filing of the Petition and of the Confirmation Order entered in the Main Case.

---

[2] In considering the Motion pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must "liberally construe the [Debtor's] complaint in favor of the [Debtor as the non-moving party] and assume the truth of all pleaded facts." Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). Federal Rule of Civil Procedure 12(b)(6) is made applicable pursuant to Bankruptcy Rule 7012.

6.   Wells Fargo filed a proof of claim for the first deed of trust and for the pre-petition arrears.

7.   During the life of the Plan, Wells Fargo transferred its rights under the note and deed of trust to EMC.

8.   Debtor completed her bankruptcy and paid EMC all pre-petition arrears and all monthly payments (Adv. Dkt. No. 1, Ex. B).

9.   On September 22, 2008, the Court entered an Order Finding that Long Term Debt Treated Per 1322(b)(5) of EMC Mortgage Current and Defaults Cured ("Order Deeming Current")(Dkt. No. 62).

10.   The Court entered the Order Discharging Debtor After Completion of Chapter 13 Plan ("Discharge Order") on November 4, 2008 (Dkt. No. 65).

11.   Despite having made no response or other objection to either the Trustee's Notice of Motion for Order Declaring § 1322(b)(5) Claim of EMC Mortgage Current and Defaults Cured (Dkt. No. 61) or the Discharge Order, EMC's records did not show that the Debtor was current as of August 22, 2008, but rather showed that the Debtor owed substantial amounts in "corporate advances" on their mortgage account. (Complaint, ¶ 18).

12.   The Debtor alleges that "EMC has charged [the Debtor's] mortgage loan account improper, unapproved, unauthorized and unlawful charges not validated by the Bankruptcy Court, concealed those fees and charges, and unlawfully collected or attempted to collect part of those charges from payments made pursuant to the Debtor's Chapter 13 plan and part of those charges after [Debtor's] discharge." (Complaint, ¶ 19).

13. The Complaint sets forth five (5) counts as follows:

(A) The first count seeks relief for alleged violations of the automatic stay under 11 U.S.C. § 362[3] (¶¶ 20-22);

(B) The second count alleges violations of §§ 105 and 506 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 2016 based upon "failing to properly account for the monies paid" and "attempting to collect charges and other amounts after the entrance of the Court's Order Deeming Current." (¶¶ 24-25);

(C) The third count sets forth an additional claim under Bankruptcy Rule 2016 for allegedly denying the Debtor the right "to cure all arrearages through her Plan." (¶ 28);

(D) The fourth count requests injunctive relief and declaratory relief for alleged "abuse of the bankruptcy process" and disgorgement of alleged "illegal and improper charges and fees." (¶ 31); and,

(E) The fifth count alleges contempt on the part of EMC for allegedly "collecting and attempting to collect, post-discharge, amounts" in violation of § 105 (¶ 36-38).

## Issues

EMC's Motion asserts that the Complaint should be dismissed for failure to state a claim. EMC argues that the Debtor has no private causes of action for her claims under § 105, § 506, or Bankruptcy Rule 2016. It further argues that the Debtor's claims regarding violations of the automatic stay fail to raise any "plausible claim for relief" as required by Ashcroft v. Iqbal, – U.S.–, 129 S. Ct. 1937, 1949-50, 173 L.Ed 2d 868 (2009).

The issues currently before the Court are whether the Debtor's Complaint should be dismissed because (1) the Debtor has no private causes of action under § 105, § 506, and Bankruptcy Rule 2016, and (2) the Debtor's claims regarding violations of the automatic stay fail to raise any "plausible claim for relief."

---

[3] Hereinafter all code sections refer to the United States Bankruptcy Code located at Title 11 of the United States Code unless otherwise noted.

## Standard of Review

In considering a motion under Federal Rule of Civil Procedure 12(b)(6), made applicable pursuant to Bankruptcy Rule 7012, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004). To overcome a 12(b)(6) motion, the Debtor must plead "enough facts to state a claim to relief that is plausible on its face." Blackstock v. Sedgwick Claims Mgmt. Servs., Inc., 2009 WL 2754761, at * 1 (N.D. Miss. Aug. 26, 2009)(*citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007); *accord* Ashcroft v. Iqbal, – U.S. –, 129 S. Ct. 1937, 1948-51, 173 L.Ed. 2d 868 (2009)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Id. (*citing* Twombly, 550 U.S. at 555)(internal citations and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Id. (*quoting* Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007).

## Discussion and Analysis

The bankruptcy system in America has two primary objectives: first, ensuring the equitable and timely repayment of creditors with valid claims; and second, providing debtors a fresh start once they emerge from bankruptcy. In re Sanchez, 372 B.R. 289, 296-97 (Bankr. S.D. Tex. 2007); In re Ortiz, 2006 WL 2946500, at *9 (Bankr. S.D. Tex. Oct. 13, 2006)(*quoting* In re T-H New Orleans Ltd. P'ship., 188 B.R. 799, 807 (E.D. La. 1995), *aff'd* 116 F.3d 790 (5th Cir. 1997)). In order for the bankruptcy system to function properly so that these goals are achieved, all entities involved in

a bankruptcy proceeding must fully disclose all of the relevant facts. Id.; *see also* In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999)("The duty of disclosure in a bankruptcy proceeding is a continuing one."); In re Ramirez, 2006 WL 3838176, at *3 (Bankr. S.D. Tex. Dec. 29, 2006)("[T]he broad policy of the Bankruptcy Code ... favors transparency and disclosure whenever possible."); In re eToys, Inc., 331 B.R. 176, 187 (Bankr. D. Del. 2005)("Disclosure goes to the heart of the integrity of the bankruptcy system.")(internal citation omitted); In re Century Plaza Assoc., 154 B.R. 349, 352 (Bankr. S.D. Fla. 1992)("Disclosure of fees is a fundamental concept in bankruptcy.")

1. **Private Right of Action under § 105, § 506, and Bankruptcy Rule 2016**

EMC argues that the Debtor has no private right of action in either § 105, § 506, or Bankruptcy Rule 2016. The Court need not address that assertion, however, because the Court may use its equitable powers under § 105(a) to enforce the provisions of § 506 and Bankruptcy Rule 2016. *See* §105(a); In re Sanchez, 372 B.R. at 309-12. Section 105(a) states:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

§ 105(a).

**A. The Court's Equitable Powers Under § 105(a)**

In Marrama v. Citizens Bank of Mass., 549 U.S. 365, 375, 127 S.Ct. 1105, 1111-12, 166 L.Ed. 2d 956 (2007), the Supreme Court held that § 105(a) grants bankruptcy judges "broad authority [] to take any action that is necessary or appropriate 'to prevent an abuse of process.'" The bankruptcy courts' broad authority under § 105(a) is limited by the language of the statute so that,

"[u]nder § 105(a)], a court may exercise its equitable power only as a means to fulfill some specific Code provision." Sanchez, 372 B.R. at 309 (internal citations omitted).

The law is well-established in the Fifth Circuit: Section 105(a) is to be "interpret[ed] liberally," so long as any action taken pursuant to § 105(a) is "consistent with the rest of the Bankruptcy Code." Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746, 760 (5th Cir. 1995). Section 105(a) permits a bankruptcy court "to fashion such orders as are necessary to further the substantive provisions of the Bankruptcy Code." Perkins Coie v. Sadkin (In re Sadkin), 36 F.3d 473, 478 (5th Cir. 1994)(*quoting* Chiasson v. Bingler (In re Oxford Mgmt. Inc.), 4 F.3d 1329, 1333 (5th Cir. 1993)). Therefore, § 105(a) grants a bankruptcy court authority to exercise its equitable powers to achieve a result the Bankruptcy Code intended. Id. Furthermore, the bankruptcy court can exercise these equitable powers at its discretion. Id. at 478-79; In re Stern, 204 F.3d 1117, 1999 WL 1330645, at *2 (5th Cir. 1999).

EMC argues (1) that the Bankruptcy Code does not expressly create a legal remedy under either § 506(b) or Bankruptcy Rule 2016, and (2) that this Court cannot imply a private right of action under the analysis set out in Cort v. Ash, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed. 2d 26 (1975). EMC asserts that if the Court does not dismiss the Debtor's Complaint, it will be granting substantive rights to the Debtor that have no basis in the Bankruptcy Code. This argument is unpersuasive.

The Court finds it plainly evident that § 506(b) and Bankruptcy Rule 2016, in concert, create both rights and duties for creditors in bankruptcy cases. If, as alleged in ¶ 19 of the Complaint, "EMC has charged [the Debtor's] mortgage loan account improper, unapproved, unauthorized and unlawful charges not validated by the Bankruptcy Court, concealed those fees and charges, and

unlawfully collected or attempted to collect part of those charges from payments made pursuant to the Debtor's Chapter 13 plan and part of those charges after [Debtor's] discharge," then this Court is justified in using its authority under § 105(a) to remedy the situation. *See* Tate v. NationsBanc Mortgage Corp. (In re Tate), 253 B.R. 653, 668 (Bankr. W.D.N.C. 2000). Just as this Court has the authority to award creditors reasonable fees under § 506(b), so too does it have the authority to sanction creditors for their failure to comply with § 506(b) and Bankruptcy Rule 2016.

### B.    The Court's Civil Contempt Powers under § 105(a)

The Court also has authority under § 105(a) to issue sanctions pursuant to its civil contempt power. In Placid Ref. Co. v. Terrebonne Fuel & Lube, Inc. (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 (5th Cir. 1997), the Fifth Circuit held that, "[t]he language of [§ 105] is unambiguous. Reading it under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *See also* In re Harris, 297 B.R. 61, 70 (Bankr. N.D. Miss. 2003)("[Section] 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have.").

The Fifth Circuit has also held that, "[j]udicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." American Airlines, Inc. v. Allied Pilots Ass'n, 228 F.3d 574, 585 (5th Cir. 2000)(*quoting* United States v. United Mine Workers of America, 330 U.S. 258, 303-04, 67 S.Ct. 677, 91 L.Ed. 884 (1947)). An automatic stay is a self-executing injunction which constitutes an order of the bankruptcy court for contempt purposes. In re San Angelo Pro Hockey Club, Inc, 292 B.R. 118, 124

(Bankr. N.D. Tex. 2003). Additionally, a debtor's plan is confirmed by an order of the bankruptcy court. *See* Eubanks v. F.D.I.C., 977 F.2d 166, 170 (5th Cir. 1992).

In this case, the Court entered its Confirmation Order on October 31, 2005. The Court also entered the Order Deeming Current on November 4, 2008. Pursuant to the case law cited herein, the Court has the authority to impose sanctions under § 105(a) for contempt of the self-executing automatic stay, an order confirming a plan, and an order declaring a debt current and defaults cured.

### 2. Violation of the Automatic Stay Claims

EMC additionally argues that the Debtor's allegations regarding the misapplication of payments received from the Trustee under the Debtor's Plan do not state a claim for a violation of the automatic stay under § 362. It maintains that the allegedly improper payment allocations do not violate the automatic stay because once the payments were made to EMC, neither the Debtor nor the estate had any continuing interest in those plan payments. EMC also asserts that any improper posting of corporate advances to the Debtor's mortgage account does not constitute an attempt to collect those fees or violate the stay. This Court disagrees.

Though the Complaint does not specify the subsection of § 362 that EMC allegedly violated, EMC's alleged actions conceivably could violate §§ 362(a)(3), (4), (5), or (6). Under § 362(a), the filing of a bankruptcy petition stays:

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case. . . ;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. . . .

Page 9 of 11

§ 362(a). *See also* Myles v. Wells Fargo Bank, N.A. (In re Myles), 395 B.R. 599, 606 (M.D. La. 2008). While the Fifth Circuit has not yet considered whether a mortgage creditor's actions after confirmation of a chapter 13 plan violates the automatic stay, three courts in the circuit have done so.

In In re Jones, 366 B.R. 584, 599 (Bankr. E.D. La. 2007), *aff'd* 391 B.R. 577 (E.D. La. 2007), the bankruptcy court in Louisiana held that a creditor violates the automatic stay when it "applies any portion of [the] Debtor's earnings to undisclosed fees and charges, rather than the installments owed under the note and payable under the plan [because] it reduces [the] Debtor's ability to pay either the reasonable and necessary costs of his support or the amounts due under [the] plan." In that case, the court held that the creditor's misapplication of the plan payments was a taking of estate property prohibited by § 362(a)(3). Id.

A bankruptcy court in Texas held similarly in In re Sanchez, 372 B.R. at 313. In Sanchez, the mortgage creditor had assessed post-petition attorney's fees, costs, and property inspection fees to the debtor's account and then applied mortgage payments it received from the trustee to those charges without advising the debtor. Id. The court held that the misapplication of the plan payments amounted to taking estate property in violation of the automatic stay. Id.

In In re Myles, 395 B.R. at 599, the mortgage creditor misapplied portions of the plan payments to unspecified and undisclosed charges on the debtor's mortgage account. In determining whether to dismiss the adversary proceeding for failure to state a claim, the Myles court in Louisiana held that the allegations stated a claim for violation of the automatic stay. Id. at 607.

Bankruptcy courts from other circuits agree with this line of reasoning. In In re McCormack, 203 B.R. 521, 525-26 (Bankr. D.N.H. 1996), the bankruptcy court sanctioned a mortgage creditor

for violation of the automatic stay by failing to adjust computer records to reflect that the chapter 13 plan had been confirmed, which caused the addition of improper fees and charges to debtor's account. In In re Payne, 387 B.R. 614, 638-39 (Bankr. D. Kan. 2008), the bankruptcy court held that the loan servicer's application of plan payments received from the trustee to disallowed pre-petition late fees, rather than the allowed pre-petition claim, violated § 362(a)(6).

This Court finds this line of cases persuasive. In the case at bar, the Debtor makes various allegations against EMC and the charges it made to the Debtor's mortgage account. *See supra* ¶ 12 at 3. Taking these allegations as true, as the Court must in making a 12(b)(6) determination, the Court finds that these allegations state a viable claim for violation of the automatic stay under § 362.

### Conclusion

For the reasons stated herein, the Court finds that EMC's Motion should be denied. A separate final judgment consistent with this Order will be entered by this Court in accordance with Bankruptcy Rules 7054 and 9021.

_____
Neil P. Olack
United States Bankruptcy Judge
Dated: January 29, 2010

_____
Neil P. Olack
United States Bankruptcy Judge

Page 11 of 11